

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

*In re:*

ERIC A. BEARD,
    Debtor

Ch. 13
19-11823-JEB

### Proceeding Memorandum and Order

**MATTER:**

#93 Motion of Debtor for Summary Judgment Re: #23 Objection of Metropolitan Life Insurance Company to Homestead Exemption

**Decision set forth more fully as follows:**

Hearing held.  For the reasons set forth on the record, the Motion for Summary Judgment is denied. The parties are directed to file a joint pretrial memorandum by **October 9, 2020** containing the information required pursuant to the Pretrial Order dated February 7, 2020.  The Court will schedule a further pretrial hearing after the joint pretrial memorandum is filed.

By the Court,

Janet E. Bostwick
United States Bankruptcy Judge

Dated: 9/9/2020

13

### United States Bankruptcy Court
### District of Massachusetts

In re : **Beard, Eric A.**,

                             Case No.   **19-11823**

                             Chapter   **13**

        Debtor

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

    1.   Name(s) of appellant(s): **Beard, Eric A.**

    2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
[  ] Plaintiff
[  ] Defendant
[  ] Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
[X] Debtor
[  ] Creditor
[  ] Trustee
[  ] Other (describe) _____

**Part 2: Identify the subject of this appeal**

    1. Describe the judgment, order, or decree appealed from: Order on Debtor's Motion for Summary Judgment (Doc. 106)

    2. State the date on which the judgment, order, or decree was entered:  September 9, 2020

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.   Party:    Metropolitan Life Insurance Company      Attorney:    Kevin C. Cain, Esq.

                                                        Sulloway & Hollis, PLLC
                                                        50 Cabot Street, Suite 204
                                                        Needham, MA 02494
                                                        (781) 320-5441

2.   Party:    _____    Attorney:    _____

Case 1:20-cv-11742-RWZ Document 1 Filed 09/23/20 Page 3 of 21 Desc Main
Case 18-13323 Doc 107 Filed 09/23/20 Entered 09/23/20 15:03:17 Desc Main
Document Page 15 of 33

Official Form 17A (12/14)

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

[**X**] Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

*/s/ Matthew M. Hamel*      Date    **September 23, 2020**

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
**Matthew M. Hamel, Esq. BBO# 697773**
**Ravosa Law Offices, P.C.**
**1 South Avenue, Natick, MA 01760**
**(508) 655-3013**

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* | |
| ERIC A. BEARD, | Ch. 13 |
|     Debtor | 19-11823-JEB |

### Proceeding Memorandum and Order

**MATTER:**

#93 Motion of Debtor for Summary Judgment Re: #23 Objection of Metropolitan Life Insurance Company to Homestead Exemption

**Decision set forth more fully as follows:**

Hearing held.  For the reasons set forth on the record, the Motion for Summary Judgment is denied. The parties are directed to file a joint pretrial memorandum by **October 9, 2020** containing the information required pursuant to the Pretrial Order dated February 7, 2020.  The Court will schedule a further pretrial hearing after the joint pretrial memorandum is filed.

By the Court,

Janet E. Bostwick
United States Bankruptcy Judge

Dated: 9/9/2020

16

Case 19-11823 Doc 170-2 Filed 09/23/20 Entered 09/23/20 15:09:31 Desc Motion
for Leave to Appeal Page 1 of 8
Case 1:20-cv-11742-RWZ Document 1 Entered 09/28/20 Page 5 of 21

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 19-11823-JEB |
| ERIC A. BEARD, | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## <u>MOTION FOR LEAVE TO APPEAL</u>

To the Honorable United States District Judge:

Now comes the Debtor, Eric A. Beard ("Debtor"), and respectfully moves this Honorable Court, pursuant to Fed. R. Bankr. P. 8004(a) to grant this Motion for Leave to Appeal the Bankruptcy Court's Order denying the Debtor's Motion for Summary Judgment pursuant to 28 U.S.C. § 158(a)(3). In support thereof, and in conformity with Fed. R. Bankr. P. 8004(b)(1), the Debtor states as follows.

### <u>RELEVANT FACTUAL BACKGROUND</u>

1. The Debtor's Motion for Summary Judgment was filed in the context of a contested matter between the Debtor and Metropolitan Life Insurance Company ("Creditor") relative to the Creditor's Objection to the Debtor's homestead exemption.

2. The Creditor, prior to the filing of the instant bankruptcy case, brought an action and obtained a judgment, on a count of unjust enrichment, against the Debtor, in the amount of $217,000.00, in the United States District Court for the District of Massachusetts (Civil Action No. 16-11782-PBS) based on a mistaken overpayment of life insurance proceeds by the Creditor to the Debtor ("the prior civil litigation").

3. However, prior to the conclusion of the civil litigation, and indeed before its commencement, the Debtor spent the overpayment proceeds, in material part, on needed renovations to his primary residence.

4. The Creditor maintained throughout the prior civil litigation that it mistakenly overpaid the Debtor on the Debtor's father's life insurance policy (on which policy the Debtor was named as the sole beneficiary), due in sole part to a mistake made by the United States Office of Personnel Management ("OPM") which listed an incorrect date of death for the decedent, thereby altering the amount of money due to the Debtor under the life insurance policy.[1]

5. On May 29, 2019, the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code.

6. On July 3, 2019, the Debtor filed, among other things, his Schedule C, listing a claimed homestead exemption, pursuant to Mass. Gen. Laws c. 188 § 3, in the amount of $292,316.47,[2] pursuant to a Declaration of Homestead duly recorded in the Middlesex (Southern District) Registry of Deeds, in Book 68329, Page 383.

7. Creditor filed an Objection to the Debtor's Claim of Homestead on August 8, 2019, alleging two arguments: (1) that the homestead exemption does not apply to Creditor's mistaken disbursement of funds; and (2) that the homestead exemption should be reduced, by operation of 11 U.S.C. § 522(o), by the amount of Creditor's Claim. Both arguments contain allegations of fraud on the part of the Debtor, allegations not made in the prior civil litigation.

8. After engaging in discovery, the Debtor brought a timely motion for summary judgment on all of the Creditor's arguments.

---

[1] Said policy was administered by the Creditor pursuant to the Federal Employees Group Life Insurance Act ("FEGLIA"). The Debtor's father was an employee of the Federal Government, working for the United States Postal Service.
[2] See: *In re: Eric A. Beard*, Doc. 14.

9.  The Debtor alleged that the issue of the Debtor's allegedly-fraudulent intent was one which could have been litigated in the prior civil litigation and that, therefore, the Creditor was barred by *res judicata* from re-litigating the issue of fraud in the bankruptcy case.

10. The Debtor further alleged that the Creditor's showing of the Debtor's allegedly-fraudulent intent was insufficient, as a matter of law, to put the issue into genuine dispute in light of the Debtor's evidence of his lack of fraudulent intent, pursuant to the holding in *Max Sugarman Funeral Home, Inc. v. A.D.B. Inv'rs*, 926 F.2d 1248 (1st Cir. 1991).

11. The Debtor also alleged that the principle of judicial estoppel should bar the Creditor's change in position from the prior civil litigation, on which it obtained a judgment on the merits, to an inconsistent position asserted in the bankruptcy. The Debtor has elected to not pursue this issue on appeal.

12. At the hearing on the Debtor's Motion for Summary Judgment, the Bankruptcy Court granted the Motion on the Creditor's state-law argument, holding that the relevant state law was pre-empted by federal law.

13. However, on the Creditor's 11 U.S.C. § 522(o) claim, the Bankruptcy Court held that *Brown v. Felsen*, 442 U.S. 127 (1979), and its progeny, applied because the 11 U.S.C. § 522(o) was similar to the issue raised therein (the bankruptcy discharge) and that, therefore, *res judicata* did not apply. The Debtor respectfully disputes this holding.

14. The Bankruptcy Court further gave no weight to the Debtor's sworn testimony contained in the record on Summary Judgment (seeming to allude that the Debtor should have included an affidavit – as opposed to the provided sworn answers to interrogatories) and held that the Creditor had met its burden of putting a material issue (that of the Debtor's allegedly-fraudulent intent) in genuine dispute. The Debtor similarly respectfully disputes this holding.

Case 9:18-bk-03823-DancDt0c1742-Filed 09/23/20 nEntered 09/23/20 15-08:57 onDesc Maidn
Case 4:20-cv-01142-RWz Doocument10 entRep 09/28/20 14 Page 8 of 21 c Main
for Leave toA peaPage 2 of 83 f 8

### QUESTIONS PRESENTED

15. The Debtor's appeal, if leave is granted, will concern the following questions:

    a. Does *Brown v. Felsen*'s exception to the applicability of *res judicata* in bankruptcy

       cases apply to actions brought under 11 U.S.C. § 522(o), and, if not, does *res judicata*

       bar the Creditor from litigating the issue of fraud in the Debtor's bankruptcy case?;

       and

    b. Did the Bankruptcy Court commit reversible error in not giving any weight to the

       Debtor's presentation of testimony in the form of sworn answers to interrogatories,

       instead of an affidavit(s), and in finding that the Creditor's presented evidence was

       sufficient as a matter of law to put a material fact into genuine dispute?

### RELIEF SOUGHT

16. The Debtor respectfully requests that this Honorable Court enter an Order Reversing the

    Bankruptcy Court's denial of the Debtor's Motion for Summary Judgment and Granting said

    Motion on all counts.

17. Alternatively, the Debtor respectfully requests that this Honorable Court enter an Order

    Vacating the Bankruptcy Court's Denial of the Debtor's Motion for Summary Judgment and

    remanding the matter to the Bankruptcy Court for further proceedings consistent with this

    Court's opinion.

### ARGUMENT

18. The Debtor respectfully requests that this Honorable Court grant the Debtor's Motion for

    Leave to appeal on the issue of *res judicata* as the issue is: (1) a controlling question of law;

    (2) on which there is substantial ground for difference of opinion; and (3) an appeal on which

basis will materially advance the ultimate termination of the litigation.[3]

19. The issue of *res judicata* controls the outcome of the litigation because, if the Court finds that the doctrine applies, then the Creditor would be precluded from bringing all of its charges against the Debtor to trial, all of which involve allegations of fraud.

20. *Res judicata*, like the standing issue identified in *Pacamor Bearings Inc. v. Minebea Co., Ltd.*, 892 F.Supp. 347, 361 (D.N.H. 1995), controls all issues in these proceedings.

21. Furthermore, there exists substantial ground for difference of opinion on this issue because the issue has not been conclusively determined by appellate authority. *See In re: Bank of New England* at 653 ("(c)ircuit law limits the 'statutory anodyne' of certification to 'rare cases,' 'where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority,'" (internal citations omitted)).

22. The Creditor cited to *Brown v. Felsen* for the proposition that *res judicata* did not apply to these proceedings.

23. However, *Brown* examined, and is typically cited in conjunction with, *res judicata* issues as they affect actions to consider dischargeability of debts (under 11 U.S.C. § 523) or denial of discharge actions. *See In re Chew*, 496 F.3d 11, 18 ("*Brown* is 'generally regarded as a 'narrow' 'exception to the general rule that claim preclusion does apply to bankruptcy proceedings.' Accordingly, several circuits have recognized that *Brown* applies to the federal dischargeability issue, but not to the issues of definition of property in the estate which Congress has given the states a key role,'").

24. Creditor cited to no case law that expressly controls the issue of *res judicata* as applied to 11 U.S.C. § 522(o), nor is the Debtor aware of any case law that expressly controls the issue.

---

[3] *In re Bank of New England Corp.*, 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998).

25. The Debtor cited to *In re Chew* for the proposition that the proceedings at bar more closely resemble those in *Chew* than they do the *Brown* facts, but the Debtor concedes that the facts of the case at bar do not exactly mirror those in *Chew*, therefore, room for difference of opinion exists.

26. Lastly, the Debtor avers that invocation of *res judicata*, will end the litigation.

27. If the Creditor is barred from asserting its fraud theories in the bankruptcy, the Bankruptcy Court will have no option but to dismiss the Creditor's Objection, thereby ending this contested matter.

28. The Debtor respectfully requests that this Honorable Court Grant the Debtor's Motion for Leave to appeal on the issue of the sufficiency, as a matter of law, of the evidence presented by the Creditor on the record on Summary Judgment because the ruling constitutes a collateral order, worthy of review at this stage of the proceedings.

29. As the 1st Circuit B.A.P. held in *Bank of New England Corp.* at 649, "the First Circuit's model for identifying collateral orders is four-pronged. To qualify as a reviewable collateral order, the summary judgment order on Count VI must have: (1) conclusively determined, (2) an important legal question, (3) completely separate from the merits of the primary action, and (4) be effectively unreviewable on appeal from a final judgment on the remaining counts."

30. In denying the Debtor's Motion for Summary Judgment on this issue, the Bankruptcy Court conclusively ruled that the evidence presented by the Creditor was sufficient to put a material fact into genuine dispute, despite controlling case law and the furnishing of evidence by the Debtor suggesting a non-fraudulent motive.

31. This question is important because the ruling appears, in the Debtor's opinion, with due respect to the Honorable Bankruptcy Court Judge, to go against established First Circuit

precedent regarding the sufficiency of evidence presented at Summary Judgment.

32. The Creditor, in support of its attempt to put the issue of the Debtor's intent into genuine dispute, cited solely to allegedly-perceived "badges of fraud" in the facts of the prior civil litigation, as summarized in the Findings of Fact and Conclusions of Law issued by the District Court in said prior litigation.

33. The Debtor cited extensive testimony, in the form of sworn answers to interrogatories regarding his non-fraudulent intent in spending the overpayment proceeds (that he was simply trying to make his then-dilapidated house livable), and further cited to the holding in *Sugarman Funeral Homes* that a party may only rely on badges of fraud to prove fraudulent intent in the absence of significant clear evidence of a legitimate supervening purpose.

34. The Debtor believes that the evidence presented by the Creditor was insufficient, as a matter of law, in light of the Debtor's proffered evidence of a legitimate supervening purpose, to remove the issue of the Debtor's intent from genuine dispute.

35. Furthermore, the question of sufficiency of evidence is wholly separate and distinct from the underlying causes of action, as it turns on an interpretation of Fed. R. Civ. P. 56, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056 and Fed. R. Bankr. P. 9014(c), and not on any substantive issues relevant to the contested matter.

36. Lastly, the issue will be unreviewable on appeal from a final, post-trial, judgment because an appeal post-trial would concern the record presented at trial, rather than the record presented on Summary Judgment.

## **COPY OF ORDER**

37. Pursuant to Fed. R. Bankr. P. 8004(b)(1)(E), a copy of the Bankruptcy Court Order accompanies this Motion for Leave to Appeal.

Case 19-18923 Doc 10740 Filed 09/23/20 Entered 09/23/20 14:03:57 Desc Main
Case 4:20-cv-11742-RWZ Document Entered 09/23/20 14:03:57 Page 12 of 21 Desc Main
for Leave to Appeal Page 24 of 83

*WHEREFORE*, the Debtor respectfully requests that this Honorable Court grant this motion.

Respectfully submitted,

The Debtor,
Eric A. Beard,

By his attorney,

/s/ Matthew M. Hamel
Matthew M. Hamel, Esquire
Ravosa Law Offices, P.C.
One South Avenue
Natick, MA 01760
(508)-655-3013
(617) 720-1104 (fax)
BBO No. 697773
mhamel@ravosalaw.com

Dated: September 23, 2020

## CERTIFICATE OF SERVICE

I, Matthew M. Hamel, Counsel to the Debtor, Eric A. Beard, certify that on this 23rd day of September, 2020, I served the foregoing *Motion for Leave to Appeal* on all other Counsel of record through the Court's CM/ECF system, with which all Counsel have registered.

/s/ Matthew M. Hamel
Matthew M. Hamel, Esquire

Dated: September 23, 2020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

)
IN RE:                                      )          CHAPTER 13
                                            )          CASE NO. 19-11823-JEB
ERIC A. BEARD,                              )
                                            )
                                            )
            Debtor                          )
_____)

## MOTION FOR LEAVE TO APPEAL

To the Honorable United States District Judge:

Now comes the Debtor, Eric A. Beard ("Debtor"), and respectfully moves this Honorable

Court, pursuant to Fed. R. Bankr. P. 8004(a) to grant this Motion for Leave to Appeal the Bankruptcy

Court's Order denying the Debtor's Motion for Summary Judgment pursuant to 28 U.S.C. §

158(a)(3). In support thereof, and in conformity with Fed. R. Bankr. P. 8004(b)(1), the Debtor states

as follows.

## RELEVANT FACTUAL BACKGROUND

1. The Debtor's Motion for Summary Judgment was filed in the context of a contested matter

   between the Debtor and Metropolitan Life Insurance Company ("Creditor") relative to the

   Creditor's Objection to the Debtor's homestead exemption.

2. The Creditor, prior to the filing of the instant bankruptcy case, brought an action and obtained

   a judgment, on a count of unjust enrichment, against the Debtor, in the amount of

   $217,000.00, in the United States District Court for the District of Massachusetts (Civil

   Action No. 16-11782-PBS) based on a mistaken overpayment of life insurance proceeds by

   the Creditor to the Debtor ("the prior civil litigation").

3.  However, prior to the conclusion of the civil litigation, and indeed before its commencement, the Debtor spent the overpayment proceeds, in material part, on needed renovations to his primary residence.

4.  The Creditor maintained throughout the prior civil litigation that it mistakenly overpaid the Debtor on the Debtor's father's life insurance policy (on which policy the Debtor was named as the sole beneficiary), due in sole part to a mistake made by the United States Office of Personnel Management ("OPM") which listed an incorrect date of death for the decedent, thereby altering the amount of money due to the Debtor under the life insurance policy.[1]

5.  On May 29, 2019, the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code.

6.  On July 3, 2019, the Debtor filed, among other things, his Schedule C, listing a claimed homestead exemption, pursuant to Mass. Gen. Laws c. 188 § 3, in the amount of $292,316.47,[2] pursuant to a Declaration of Homestead duly recorded in the Middlesex (Southern District) Registry of Deeds, in Book 68329, Page 383.

7.  Creditor filed an Objection to the Debtor's Claim of Homestead on August 8, 2019, alleging two arguments: (1) that the homestead exemption does not apply to Creditor's mistaken disbursement of funds; and (2) that the homestead exemption should be reduced, by operation of 11 U.S.C. § 522(o), by the amount of Creditor's Claim. Both arguments contain allegations of fraud on the part of the Debtor, allegations not made in the prior civil litigation.

8.  After engaging in discovery, the Debtor brought a timely motion for summary judgment on all of the Creditor's arguments.

---

[1] Said policy was administered by the Creditor pursuant to the Federal Employees Group Life Insurance Act ("FEGLIA"). The Debtor's father was an employee of the Federal Government, working for the United States Postal Service.
[2] See: *In re: Eric A. Beard*, Doc. 14.

9.  The Debtor alleged that the issue of the Debtor's allegedly-fraudulent intent was one which could have been litigated in the prior civil litigation and that, therefore, the Creditor was barred by *res judicata* from re-litigating the issue of fraud in the bankruptcy case.

10. The Debtor further alleged that the Creditor's showing of the Debtor's allegedly-fraudulent intent was insufficient, as a matter of law, to put the issue into genuine dispute in light of the Debtor's evidence of his lack of fraudulent intent, pursuant to the holding in *Max Sugarman Funeral Home, Inc. v. A.D.B. Inv'rs*, 926 F.2d 1248 (1st Cir. 1991).

11. The Debtor also alleged that the principle of judicial estoppel should bar the Creditor's change in position from the prior civil litigation, on which it obtained a judgment on the merits, to an inconsistent position asserted in the bankruptcy. The Debtor has elected to not pursue this issue on appeal.

12. At the hearing on the Debtor's Motion for Summary Judgment, the Bankruptcy Court granted the Motion on the Creditor's state-law argument, holding that the relevant state law was pre-empted by federal law.

13. However, on the Creditor's 11 U.S.C. § 522(o) claim, the Bankruptcy Court held that *Brown v. Felsen*, 442 U.S. 127 (1979), and its progeny, applied because the 11 U.S.C. § 522(o) was similar to the issue raised therein (the bankruptcy discharge) and that, therefore, *res judicata* did not apply. The Debtor respectfully disputes this holding.

14. The Bankruptcy Court further gave no weight to the Debtor's sworn testimony contained in the record on Summary Judgment (seeming to allude that the Debtor should have included an affidavit – as opposed to the provided sworn answers to interrogatories) and held that the Creditor had met its burden of putting a material issue (that of the Debtor's allegedly-fraudulent intent) in genuine dispute. The Debtor similarly respectfully disputes this holding.

## QUESTIONS PRESENTED

15. The Debtor's appeal, if leave is granted, will concern the following questions:

    a.  Does *Brown v. Felsen*'s exception to the applicability of *res judicata* in bankruptcy

        cases apply to actions brought under 11 U.S.C. § 522(o), and, if not, does *res judicata*

        bar the Creditor from litigating the issue of fraud in the Debtor's bankruptcy case?;

        and

    b.  Did the Bankruptcy Court commit reversible error in not giving any weight to the

        Debtor's presentation of testimony in the form of sworn answers to interrogatories,

        instead of an affidavit(s), and in finding that the Creditor's presented evidence was

        sufficient as a matter of law to put a material fact into genuine dispute?

## RELIEF SOUGHT

16. The Debtor respectfully requests that this Honorable Court enter an Order Reversing the

    Bankruptcy Court's denial of the Debtor's Motion for Summary Judgment and Granting said

    Motion on all counts.

17. Alternatively, the Debtor respectfully requests that this Honorable Court enter an Order

    Vacating the Bankruptcy Court's Denial of the Debtor's Motion for Summary Judgment and

    remanding the matter to the Bankruptcy Court for further proceedings consistent with this

    Court's opinion.

## ARGUMENT

18. The Debtor respectfully requests that this Honorable Court grant the Debtor's Motion for

    Leave to appeal on the issue of *res judicata* as the issue is: (1) a controlling question of law;

    (2) on which there is substantial ground for difference of opinion; and (3) an appeal on which

basis will materially advance the ultimate termination of the litigation.[3]

19. The issue of *res judicata* controls the outcome of the litigation because, if the Court finds that the doctrine applies, then the Creditor would be precluded from bringing all of its charges against the Debtor to trial, all of which involve allegations of fraud.

20. *Res judicata*, like the standing issue identified in *Pacamor Bearings Inc. v. Minebea Co., Ltd.*, 892 F.Supp. 347, 361 (D.N.H. 1995), controls all issues in these proceedings.

21. Furthermore, there exists substantial ground for difference of opinion on this issue because the issue has not been conclusively determined by appellate authority. *See In re: Bank of New England* at 653 ("(c)ircuit law limits the 'statutory anodyne' of certification to 'rare cases,' 'where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority,'" (internal citations omitted)).

22. The Creditor cited to *Brown v. Felsen* for the proposition that *res judicata* did not apply to these proceedings.

23. However, *Brown* examined, and is typically cited in conjunction with, *res judicata* issues as they affect actions to consider dischargeability of debts (under 11 U.S.C. § 523) or denial of discharge actions. *See In re Chew*, 496 F.3d 11, 18 ("*Brown* is 'generally regarded as a 'narrow' 'exception to the general rule that claim preclusion does apply to bankruptcy proceedings.' Accordingly, several circuits have recognized that *Brown* applies to the federal dischargeability issue, but not to the issues of definition of property in the estate which Congress has given the states a key role,'").

24. Creditor cited to no case law that expressly controls the issue of *res judicata* as applied to 11 U.S.C. § 522(o), nor is the Debtor aware of any case law that expressly controls the issue.

---

[3] *In re Bank of New England Corp.*, 218 B.R. 643, 652 (B.A.P. 1st Cir. 1998).

25. The Debtor cited to *In re Chew* for the proposition that the proceedings at bar more closely
resemble those in *Chew* than they do the *Brown* facts, but the Debtor concedes that the facts
of the case at bar do not exactly mirror those in *Chew*, therefore, room for difference of
opinion exists.

26. Lastly, the Debtor avers that invocation of *res judicata*, will end the litigation.

27. If the Creditor is barred from asserting its fraud theories in the bankruptcy, the Bankruptcy
Court will have no option but to dismiss the Creditor's Objection, thereby ending this
contested matter.

28. The Debtor respectfully requests that this Honorable Court Grant the Debtor's Motion for
Leave to appeal on the issue of the sufficiency, as a matter of law, of the evidence presented
by the Creditor on the record on Summary Judgment because the ruling constitutes a collateral
order, worthy of review at this stage of the proceedings.

29. As the 1st Circuit B.A.P. held in *Bank of New England Corp.* at 649, "the First Circuit's model
for identifying collateral orders is four-pronged. To qualify as a reviewable collateral order,
the summary judgment order on Count VI must have: (1) conclusively determined, (2) an
important legal question, (3) completely separate from the merits of the primary action, and
(4) be effectively unreviewable on appeal from a final judgment on the remaining counts."

30. In denying the Debtor's Motion for Summary Judgment on this issue, the Bankruptcy Court
conclusively ruled that the evidence presented by the Creditor was sufficient to put a material
fact into genuine dispute, despite controlling case law and the furnishment of evidence by the
Debtor suggesting a non-fraudulent motive.

31. This question is important because the ruling appears, in the Debtor's opinion, with due
respect to the Honorable Bankruptcy Court Judge, to go against established First Circuit

precedent regarding the sufficiency of evidence presented at Summary Judgment.

32. The Creditor, in support of its attempt to put the issue of the Debtor's intent into genuine
dispute, cited solely to allegedly-perceived "badges of fraud" in the facts of the prior civil
litigation, as summarized in the Findings of Fact and Conclusions of Law issued by the
District Court in said prior litigation.

33. The Debtor cited extensive testimony, in the form of sworn answers to interrogatories
regarding his non-fraudulent intent in spending the overpayment proceeds (that he was simply
trying to make his then-dilapidated house livable), and further cited to the holding in
*Sugarman Funeral Homes* that a party may only rely on badges of fraud to prove fraudulent
intent in the absence of significant clear evidence of a legitimate supervening purpose.

34. The Debtor believes that the evidence presented by the Creditor was insufficient, as a matter
of law, in light of the Debtor's proffered evidence of a legitimate supervening purpose, to
remove the issue of the Debtor's intent from genuine dispute.

35. Furthermore, the question of sufficiency of evidence is wholly separate and distinct from the
underlying causes of action, as it turns on an interpretation of Fed. R. Civ. P. 56, made
applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056 and Fed. R. Bankr. P.
9014(c), and not on any substantive issues relevant to the contested matter.

36. Lastly, the issue will be unreviewable on appeal from a final, post-trial, judgment because an
appeal post-trial would concern the record presented at trial, rather than the record presented
on Summary Judgment.

## **COPY OF ORDER**

37. Pursuant to Fed. R. Bankr. P. 8004(b)(1)(E), a copy of the Bankruptcy Court Order
accompanies this Motion for Leave to Appeal.

*WHEREFORE*, the Debtor respectfully requests that this Honorable Court grant this motion.

Respectfully submitted,

The Debtor,
Eric A. Beard,

By his attorney,

/s/ Matthew M. Hamel
Matthew M. Hamel, Esquire
Ravosa Law Offices, P.C.
One South Avenue
Natick, MA 01760
(508)-655-3013
(617) 720-1104 (fax)
BBO No. 697773
mhamel@ravosalaw.com

Dated: September 23, 2020

## CERTIFICATE OF SERVICE

I, Matthew M. Hamel, Counsel to the Debtor, Eric A. Beard, certify that on this 23rd day of September, 2020, I served the foregoing *Motion for Leave to Appeal* on all other Counsel of record through the Court's CM/ECF system, with which all Counsel have registered.

/s/ Matthew M. Hamel
Matthew M. Hamel, Esquire

Dated: September 23, 2020

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

---

In Re:   Eric A. Beard

Chapter 13
Bankruptcy Case 19−11823
Judge Janet E. Bostwick

---

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

On **SEPTEMBER 23, 2020,** the appellant, Eric A. Beard filed a Notice of Appeal and an Election to have the appeal heard by the United States District Court for the District of Massachusetts in the above referenced case.

Please refer to 28 U.S.C. § 158(c)(1), Fed. R. Bankr. P. 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Fed. R. Bankr. P. 8009, the appellant must file with the Clerk of the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of the issues to be presented within the deadline set forth in the rule and serve a copy on the appellee(s).

The appellee(s) may file a designation of additional items to be included in the record within fourteen (14) days after service of the appellant's designation and statement of issues. The parties shall consult Fed. R. Bankr. P. 8009 for deadlines applicable to cross−appeals.

Upon the filing of the designation of the items to be included in the record on appeal and the statement of issues to be presented, and after expiration of the fourteen (14) day period for the appellee(s) to file a designation of additional items, the Clerk's Office will forward the designation(s) and statement to the District Court electronically.

If a party to the appeal designates any document placed under seal to be part of the record on appeal, that party must file a motion with the District Court to accept the document under seal. If the District Court grants the motion, the movant must notify the Bankruptcy Court of the ruling. *See* Fed. R. Bankr. P. 8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must advise the Bankruptcy Court by filing "Certificate of No Transcript Ordered." *See* Fed. R. Bankr. P. 8009(b).

It is the duty of the parties to ensure that the record on appeal is complete.

Date:9/23/20

Mary P. Sharon
Clerk, U.S. Bankruptcy Court

By the Court,

Cynthia Young
Deputy Clerk
(617) 748− 5321