UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 20-CV-11742-RWZ


IN RE ERIC A. BEARD


MEMORANDUM & ORDER

August 10, 2021

ZOBEL, S.D.J.

Appellant, debtor Eric A. Beard, seeks leave to appeal the Bankruptcy Court's interlocutory order denying his motion for summary judgment. (Docket # 4); see Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998) (discussing a summary judgment order and noting the "general rule that orders disposing of fewer than all claims or parties are generally interlocutory"); 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees . . . ."). In that motion, he challenged creditor Metropolitan Life Insurance Co.'s allegation of fraud in connection with his use of an insurance overpayment after he was put on notice that it had been issued in error. He now argues that the Bankruptcy Court erred by finding that res judicata did not apply to appellee's claim of fraud, and in finding that there was a dispute of material fact as to his alleged fraudulent intent. Appellee opposes the motion. (Docket # 5).

"Leave to appeal may issue if the appeal qualifies under one of two precepts conferring appellate jurisdiction over interlocutory appeals: the collateral order doctrine

1

or application of the criteria governing § 158(a)(3) review of interlocutory orders." In re Bank of New Eng. Corp., 218 B.R. at 649.

The analysis begins with the collateral order doctrine. "There exists 'a small class' of decisions, termed 'collateral orders,' 'which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" In re Bank of New Eng. Corp., 218 B.R. at 649 (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)). "To qualify as a reviewable collateral order, the summary judgment order . . . must have: (1) conclusively determined, (2) an important legal question, (3) completely separate from the merits of the primary action, *and* (4) be effectively unreviewable on appeal from a final judgment . . . ." Id. "The 'unreviewability' prong has been equated to, if not defined as, the threat of 'irreparable harm' if review is delayed" and is the "dispositive criterion." Id. at 651.

The Bankruptcy Court's order is not reviewable under the collateral order doctrine because it is not effectively unreviewable on appeal as "denial of the immediate appeal" does not "render impossible any review whatsoever." In re Bank of New Eng. Corp., 218 B.R. at 651 (quoting United States v. Ryan, 402 U.S. 530, 533 (1971)).

As to whether the court should exercise its discretion to hear the appeal under § 158(a)(3), the court must determine "whether (1) the 'order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" In re Bank of New Eng. Corp., 218 B.R. at 652

(quoting 28 U.S.C. § 1292(b)) (noting that the factors considered under § 1292(b) are the same as those under § 158(a)(3)).

"[A]lthough [the parties] found room for argument . . . , the case specific issues raised on appeal do not rise to the level of difficulty and significance required under § 1292(b), and, therefore, they do not recommend [the court's] exercise of discretionary appellate jurisdiction under § 158(a)(3)." In re Bank of New Eng. Corp., 218 B.R. at 653. Accordingly, the motion for leave to appeal (Docket # 4) is DENIED.

August 10, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE